IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLARENCE BACCUS, JR. | § | |
| Plaintiff, | § § § | |
| VS. | § | NO. 3-11-CV-0654-M-BD |
| HEALTH MARKETS, INC., ET AL. | § § § § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendants Health Markets, Inc. ("HMI") and Metropolitan Life Insurance Company ("Met Life") have filed a motion to dismiss or, in the alternative, to transfer or stay this *pro se* civil action brought by Clarence Baccus, Jr. seeking damages under Texas statutory and common law for failing to timely pay benefits under a life insurance policy ("the Met Life Policy") issued to his brother, Kevin Baccus, an HMI employee who died on July 3, 2006. This is the *third* lawsuit brought either by or against plaintiff involving his entitlement to proceeds under the Met Life Policy. On October 19, 2010, Met Life filed an interpleader action against plaintiff and five of his relatives in the Eastern District of Oklahoma asking the court to determine which beneficiary is entitled to the policy proceeds. *Metropolitan Life Ins. Co. v. Baccus*, No. 6-10-CV-389-SPS ("the Oklahoma Action"); *see also* Def. Mot. App., Exh. A at 4-10. Three months later, on January 10, 2011, plaintiff sued Met Life in the Central District of California for breach of contract and "intentionally and maliciously withholding the payment of the policy proceeds[.]" *Baccus v. Metropolitan Life Ins. Co.*, No. 2-11-

CV-00261-JFW-JCG ("The California Action"); *see also* Def. Mot. App., Exh. C at 111-17. After the California Action was transferred to Oklahoma federal court, plaintiff sued HMI and Met Life in the Northern District of Texas. Defendants now move to dismiss this action or, alternatively, to transfer the case to Oklahoma under the "first-to-file" rule. The issues have been briefed by the parties,[1] and the motion is ripe for determination.

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (citing cases). "[O]nce a district court determines that issues in the suits might substantially overlap, the proper course of action is for the court to transfer the case to the first-filed court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Wells Fargo Bank, N.A. v. West Coast Life Ins. Co.*, 631 F.Supp.2d 844, 846-47 (N.D. Tex. 2009) "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Whataburger*, 174 F.3d at 603, *quoting West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985).

A side-by-side comparison of the complaints filed in the Oklahoma Action, the California Action, and the instant case reveals that all three lawsuits involve the same subject matter. The Oklahoma Action seeks a judicial determination as to whether plaintiff or any of his relatives are

---

[1] Although plaintiff did not file a formal response in opposition to defendants' motion, he filed a Request and Motion for Correction of Error in Magistrate Judge's Order, which the court treated as a response, and a Request for Judicial Notice of Court Documents, which the court treated as an appendix of evidence. *See* Doc. #13. Plaintiff also filed a number of other pleadings and supplemental materials, all of which have been considered in ruling on defendant's motion. *See* Doc. #17.

entitled to proceeds under the Met Life Policy. *See* Def. Mot. App., Exh. A at 4-10. In the California Action, plaintiff sued Met Life for breach of contract, bad faith, and failing to timely pay him benefits under the same policy. *See id.*, Exh. C at 111-17. Plaintiff asserts similar claims against Met Life and HMI in the instant action, this time under Texas law. Specifically, plaintiff alleges that defendants:

> [A]cted in collusion to unjustly illegally and maliciously deprive the Plaintiff of policy proceeds, and intentionally and maliciously caused undue hardship, emotional distress and undue suffering upon the Plaintiff by Breach of Duty of Good Faith and Fair Dealing, and Breach of Contract for failing to fulfill its contractual obligation to the Plaintiff, while flagrantly, willfully, intentionally, and maliciously violating the Texas Insurance Code and the Texas Deceptive Trade Practices Act.

*See* Plf. Compl. at 3, ¶ 6. Not only do all three actions involve the same facts and legal issues, but plaintiff and Met Life are parties in all three cases. Thus, the court has little difficulty concluding that the lawsuits substantially overlap. *See Wells Fargo*, 631 F.Supp.2d at 847.

Plaintiff attempts to distinguish this case from the Oklahoma and California Actions on four grounds: (1) the California Action is no longer pending; (2) the Oklahoma Action was never served; (3) HMI is not a party to either the Oklahoma or California Actions; and (4) the instant case seeks relief only under Texas law. None of these arguments have any merit. Plaintiff's attempt to unilaterally dismiss the California Action after Met Life filed an answer was ineffective under the federal rules. *See* FED. R. CIV. P. 41(a)(1)(A)(i) (plaintiff may dismiss an action without a court order by filing a notice of dismissal *before* the opposing party serves either an answer or a motion for summary judgment). As a result, that case, which was transferred to Oklahoma federal court, is still pending. Although plaintiff contends that he was not served with process in the Oklahoma

Action, the evidence submitted by defendants shows otherwise. *See* Def. Reply App., Exh. 1 at 4-6. Plaintiff cannot avoid transfer under the "first-to-file" rule merely because HMI is not a party to the Oklahoma or California Actions. *See Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 951 (5th Cir. 1997) ("Complete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action."). Finally, the Oklahoma court is fully capable of applying Texas law to the legal issues raised by plaintiff in this lawsuit.[2]

"The instant case is a classic example of the duplicative and inefficient expenditure of judicial resources that occurs when more than one court is asked to hear the same dispute, and this Court will not further perpetuate such waste by maintaining [it] in the Northern District of Texas." *Wells Fargo*, 631 F.Supp.2d at 848. Because there is substantial overlap between the issues in this case and the Oklahoma Action, transfer is appropriate.

## **RECOMMENDATION**

Defendants' alternative motion to transfer this action [Doc. #7] should be granted. This case should be transferred to the United States District Court for the Eastern District of Oklahoma.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place

---

[2] Plaintiff also suggests that transfer is not warranted because another lawsuit filed in this district was decided in his favor prior to the filing of the Oklahoma Action. *See Primerica Life Ins. Co. v. Baccus*, No. 3-07-CV-0264-O, 2009 WL 1138729 (N.D. Tex. Apr. 27, 2009). However, that case involved a life insurance policy issued by Primerica, not Met Life.

in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 9, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE